ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| GSC Construction, Inc. | ) ASBCA No. 62530 |
| | ) |
| Under Contract No. W912HN-10-D-0049 | ) |

APPEARANCE FOR THE APPELLANT:  James S. DelSordo, Esq.
 Argus Legal, PLLC
 Manassas, VA

APPEARANCES FOR THE GOVERNMENT:  Michael P. Goodman, Esq.
 Engineer Chief Trial Attorney
 Laura J. Arnett, Esq.
 Engineer Trial Attorney
 U.S. Army Engineer District, Savannah

OPINION BY ADMINISTRATIVE JUDGE MCNULTY
ON THE GOVERNMENT'S MOTION TO DISMISS

Before us is the government's motion to dismiss for lack of jurisdiction.[*] For the reasons set forth below the motion is denied.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. Contract No. W912HN-10-D-0049 is a Multiple Award Task Order Contract (MATOC) for construction or design build general construction services to be provided within the South Atlantic Division of the United States Army Corps of Engineers (USACE) (R4, tab 3.01 at 1). Task Order 0015, dated January 22, 2015 in the original amount of $5,870,585.00, was for the design and construction of renovated HVAC systems and related work at Building 54, Robins Air Force Base, GA (R4, tab 3.12 at 1-4).

2. By letter dated June 25, 2019, appellant, GSC Construction, Inc. (GSC) submitted a certified claim comprising six sub claim items, including sub claim number 4, a request for a change order in the amount of $604,985.16 for providing a catwalk in lieu of a platform it asserted was required by the task order (R4, tab 2.01 at 1-2, 38-72).

---

[*] The government also submitted a motion to stay the appeal pending our decision on this motion. By order dated July 15, 2020, the Board partially granted the motion for a stay, placing the appeal in suspense until September 18, 2020. The order indicated the government could apply for a further stay if it believed it was warranted. The government failed to do so. The Board considers the motion for a stay to be moot.

3. By letter dated May 18, 2020, GSC submitted its notice of appeal from the contracting officer's deemed denial of the claim (R4, tab 1.01).

4. In her declaration submitted in support of the government's motion to dismiss, the contracting officer states that review of documents GSC submitted in support of its claims and of litigation between GSC and its mechanical subcontractor revealed potential false statements and false claims, that USACE has requested assistance from the Army's Criminal Investigative Command to investigate the suspected false statements and claims, that none of the information provided by GSC has allayed the government's concerns regarding the suspected false statements and claims, that the investigation is ongoing and that because of the information the government has indicating that GSC made false statements in support of its claim and false claims seeking payment from the government she has refrained from issuing a final decision on GSC's claim. (Gov't mot. at ex. A)

5. The government's motion to dismiss is also supported by a declaration from John T. Purcell, a Special Agent with the United States Air Force Office of Special Investigations (OSI) (gov't mot. at ex. B). Mr. Purcell states that OSI and other federal agencies have opened an investigation relating to the suspected false statements and claims arising from GSC's claim (*id.*). Mr. Purcell also states that the government's position may be substantially prejudiced and undercut by ASBCA proceedings occurring before GSC's potential liability under the False Claim Act or other federal statutes for false claims and false statements are resolved (*id.*). Neither Mr. Purcell's, nor the contracting officer's, declaration includes any description of the suspected false statements and claims. Nor does Mr. Purcell provide any explanation as to how proceedings before the Board may prejudice or substantially undercut the government's position.

6. The record includes copies of transcripts of Mr. George McKnight's, GSC's owner and president, deposition and trial testimony as well as an affidavit by Mr. McKnight relating to litigation in the United States District Court for the Middle District of Georgia, which involves GSC's work under Task Order 0015 (R4, tabs 9.01-9.03).

POSITIONS OF THE PARTIES

Relying on the transcripts and Mr. McKnight's affidavit, the government argues the Board will necessarily have to decide whether GSC has falsely claimed that the catwalk work that is the subject of sub claim No. 4 is additional work beyond the scope of the work included in Task Order 0015 (SOF ¶ 2), or that Mr. McKnight made a false statement under oath in the United States District Court proceedings, when he allegedly asserted the work that is the subject of the catwalk sub claim was included in the scope of work in Task Order 0015 (gov't mot. at 9). The government correctly argues, the Board

lacks jurisdiction to make factual determinations relating to fraud and cannot determine whether a contractor has violated the False Claims Act. (*id*. at 6-9).

GSC argues that mere allegations of fraud do not divest the Board of jurisdiction over an otherwise properly filed appeal (app. resp. at 2-3).

## DECISION

We have often held that we have jurisdiction over appeals involving allegations of fraud so long as we are not required to make factual determinations of fraud. *ESA South Inc.*, ASBCA Nos. 62242, 62243, 20-1 BCA ¶ 37,647 at 182,772, citing *Sand Point Servs., LLC*, ASBCA No. 61819, 19-1 BCA ¶ 37, 412 at 181,859. Although the government argues that we must necessarily decide whether fraud has occurred, we disagree. We understand the issue presented in the appeal with respect to the catwalk is whether this work, apparently claimed by GSC to be additional work, is required by the contract. This is a matter of contract interpretation, which will depend on what the contract's plans, specifications, Statement of Work and other contract provisions provide. *Foley Co. v. United States*, 11 F.3d 1032, 1034 (Fed. Cir. 1993) (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed.Cir.1991) (contract interpretation begins with analysis of the written agreement)). Mr. McKnight's statements in the United States District Court litigation may be evidence of GSC's interpretation of the contract prior to the existence of a dispute and as such would be both relevant and given great evidentiary weight, but are not necessarily controlling. *B. R. Services, Inc.*, ASBCA No. 47673 *et al.*, 99-2 BCA ¶ 30,397 at 150,280 (citing *Max Drill, Inc. v. United States*, 192 Ct. Cl. 608, 620 (1970)). *See also Ver-Val Enterprises, Inc.*, ASBCA No. 43766, 95-1 BCA ¶ 27,334 at 136,232. Although we may consider Mr. McKnight's statements, if they are relevant, it will not be necessary to determine whether fraud has been committed to decide whether the claimed additional work is required by the contract.

## CONCLUSION

The government has failed to establish that deciding the catwalk issue will require that we make determinations of fraud as it argues. The motion to dismiss is denied.

Dated: March 1, 2021

CHRISTOPHER M. MCNULTY
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62530, Appeal of GSC Construction, Inc., rendered in conformance with the Board's Charter.

Dated: March 2, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4